STATE *ex rel.* ANNIE McGEEVER *et al.*, Appellants, v. HARVEY SHIRES *et al.*, Respondents.

Kansas City Court of Appeals, March 3, 1890.

1. **Administration**: PROOF OF NOTICES. The statutory mode of proof of notices in administration does not exclude other competent evidence of the fact.

2. ———: SUFFICIENCY OF NOTICE OF WANT OF KNOWN HEIRS. The notice required by section 93, Revised Statutes, 1879, set out in the opinion, *held* sufficient.

The State ex rel. McGeover v. Shires.

**—— : FINAL SETTLEMENT : LIMITATION : EXPRESS TRUST.** A final settlement was made January 2, 1877, showing a balance in the hand of the administrator; the heir brought suit on the administrator's bond to recover said balance so shown, on July 5, 1887. *Held*, the plea of the ten-year statute of limitation was good, and the doctrine that limitation does not run in favor of a trustee of an express trust, until the trust is closed or disavowed, has no application in a case of this kind.

*Appeal from the Atchison Circuit Court.* — HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Lewis & Ramsey*, for the appellants.

(1) The court erred in admitting the testimony of John D. Dopf to prove the publication of notice of letters, and of so-called notice to unknown heirs, and in admitting him to read the notices from the files of the "Atchison County Journal," for the reason that such notices were never filed in the probate court, and never became a part of its records as required by the statute. R. S. 1889, secs. 38, 89 and 90. (2) The notice to unknown heirs, as published, did not comply with the statute, in fact, does not purport to be a notice to unknown heirs, nor in any way intimate that the heirs were unknown. R. S. 1889, sec. 93. (3) Such notices were not properly complete until recorded in the probate office, where they could be seen and examined at any time. Until such notices were properly given the statute of limitation would not begin to run. *Wilson v. Gregory*, 16 Mo. 421; *Bomino's Estate*, 83 Mo. 433. (4) The court erred in giving defendants' declarations of law to the effect that the plaintiffs' cause of action was barred in ten years from settlement of January 2, 1877, for following reasons: *First.* No sufficient publication having been given to said unknown heirs, the statute did not begin to run at

such settlement. *Bomino's Estate*, 83 Mo. 433. Had the notice been properly given, it was still the duty of the administrator and probate court to remain in charge of the money at least one year before turning it over to the state of Missouri. R. S. 1879, secs. 258-265. See, also, the law of escheats, commencing with section 5564. It has been less than ten years since the expiration of one year after such settlement. (5) An administrator is a trustee of an express trust, and "the statute does not run until the trust is closed or disavowed." *Bacon v. Rives*, 106 U. S. 99, 108; *Ruby v. Burnett*, 12 Mo. 3; *Dillon's Adm'r v. Bates*, 39 Mo. 301. The trust was in no way denied at the time of alleged final settlement, and statutes did not then commence to run. *Butler v. Lawson*, 72 Mo. 227; *State v. Gemme*, 31 Mo. 230; *Ricords v. Watkins*, 56 Mo. 553; *Ritzensteen v. Marquaredt*, 1 Law Rep. Annotated, p. 318, and note. No cause of action accrued until the case was finally closed. *State to use v. Finn*, 23 Mo. App. 290. Suit on the bond being merely collateral to the main liability, would not be barred any sooner than suit against the administrator. *Rowsey v. Lynch*, 61 Mo. 560; *Wyatt v. Dunn*, 93 Mo. 459; *Harper v. Eubank*, 32 Mo. App. 258.

*Durfee & Hunt*, for the respondents.

(1) The court committed no error in admitting the evidence of John D. Dopf, one of the publishers of the "Atchison County Journal," to prove the giving of notice of letters and also notice to unknown heirs. If not admissible as primary evidence, was admissible as secondary evidence. 1 Greenl. Ev. [13 Ed.] p. 106, sec. 84, and foot note 1, p. 107; *Addis v. Graham*, 88 Mo. 197. The notice of letters of administration is not a jurisdictional fact. Unless given as required by statute, the administrator cannot avail himself of the short statute of limitation, but can take advantage of the long

statute of limitation. *Adams v. Larrimore*, 51 Mo. 130; 57 Mo. 396. (2) The notice to unknown heirs was a substantial compliance with the statute, and was properly admitted in evidence. Gen. Stat. Mo. 1865, p. 491, sec. 25; R. S. 1879, sec. 90. (3) The administration of an estate is a notorious act, and all persons must take notice of it. *Doerge v. Heimenz*, 1 Mo. App. 238; *Ayers v. Donnell*, 57 Mo. 396; *Kieley v. McGlynn*, 21 Wallace (U. S.) 503–520. (4) The instruction asked by the defendant and given by the court, to the effect that plaintiff's cause of action was barred in ten years from final settlement of January 2, 1877, was properly given for the reasons : *First*, the notice to unknown heirs was properly given as was required by the statute, if there was any notice to unknown heirs required or necessary. The heirs had no interest in this estate as shown by the records. The amount shown by final settlement not exceeding four hundred ($400) dollars, the same vested in the widow absolutely. 1 R. S. 1879, p. 18, secs. 107, 108 and 109; 1 Wagner's Statutes, p. 88, sec. 25; *Hastings v. Meyers*, 25 Mo. 519; *McFarland v. Baze*, 24 Mo. 156; *Cummings v. Cummings*, 51 Mo. 261. In the case of Bromino's heirs, cited by appellants, there was no notice to unknown heirs given, or attempted to be given, hence the case is not in point. The notice given to unknown heirs, if such notice was necessary, was a legal notice and brought them into court. *Doerge v. Heimenz*, 1 Mo. App. 238; *Ayers v. Donnell*, 57 Mo. 396; *Kieley v. McGlynn*, 21 Wallace (U. S.) 503–520. (5) The action of the plaintiffs, the distributees, accrued and the statute of limitation was set in motion from the time of the final settlement, January 2, 1877. *State ex rel. v. Grigsby*, 92 Mo. 419, and authorities therein cited; *Kieley v. McGlynn*, 21 Wallace (U. S.) 503–520; *State v. Matson*, 44 Mo. 305. (6) The doctrine of trusts, urged and relied upon by the appellants, has no foundation in this suit. This is an action at law upon the bond of the administrator, to recover from his sureties, and not an action

in equity against the administrator, to enforce a claim against him as trustee of an express trust. Unless brought against a trustee of an express trust, or where fraud is alleged, the statute of limitations applies to all civil actions, whether civil or equitable. *Rogers v. Brown*, 61 Mo. 187; *Kelly v. Hurst*, 74 Mo. 561; 2 Bouvier's Law Dict'y [14 Ed.] p. 615; *Smith v. Ricords*, 52 Mo. 581, and cases cited; *State ex rel. v. Finn*, 23 Mo. App. 290; *State ex rel. v. Grigsby*, 92 Mo. 419; 24 Central Law Jour. No. 17, p. 402, No. 129. Distributees are bound to take notice of death of parties. *Kieley v. McGlynn, supra.* (7) No order was ever made by the court, requiring the administrator to pay this money into the state treasury. Until such an order was made and disobeyed by the administrator, the administrator could not be held liable for not paying the money into the treasury. The duties of the court must not be confounded with the duties of the administrator. 1 R. S. 1879, p. 89, sec. 259; *State ex rel. v. Grigsby, supra*, and cases cited.

ELLISON, J.—This suit was instituted July 5, 1887, upon the bond of Harvey Shires, public administrator of Atchison county, given March 3, 1874. The suit was dismissed as to Shires and Stivers, who are dead, and is pending against the sureties.

James McGeever, the husband of one and father of another of the relators, who had left home in New York in 1855 on a supposed peddling expedition to the West, died August 23, 1871, in Atchison county, Missouri, without the knowledge of relatives, and leaving, as was supposed in Atchison county, no known heirs. He left an estate amounting to about six hundred dollars which was first placed in the hands of Jerre Purdom, public administrator, and afterwards, on Purdom's election as probate judge, the estate was placed in the charge of Harvey Shires, the newly elected public administrator. Notice of the grant of letters of administration in due

form and a general notice, intended as a notice to unknown heirs, was given by advertisement in the "Atchison County Journal," but no proof of notice was ever made in the probate court, and no copy of either notice was ever filed there, nor do the records show any reference to the same. And Shires gave no public notice on assuming control. Both public administrators had made annual settlements during their respective administrations, and Shires, on the second of January, 1887, made what he called a final settlement, showing a balance in his hands of $347.14. The settlement and finding of the court show there are no known heirs, but neither public administrator nor probate court took any steps to dispose of the money. They simply ascertained the amount in his hands without taking any further steps. Shires, for a year afterwards, did business as public administrator, but did nothing further in the McGeever case, and finally died in 1884, without having accounted for the money. Defendants pleaded the statute of limitations, three, five and ten years, the court gave declaration of law under the ten years' plea, and found for defendant; so that the principal point is the statute of limitations.

Conceding but not deciding, that notice of the grant of letters of administration and notice to the unknown heirs was necessary to set the general statute of limitation in motion as distinguished from administrative limitation, we will consider the question presented, whether there has been proof of such notices. Though no copy of these notices was filed in the clerk's office of the probate court as required by sections 88, 89 and 93, Revised Statutes, 1879, yet such notices were shown to have in fact been given and the question is, can proof other than the affidavits *which have been filed in the clerk's office* be allowed. The trial court permitted such other proof in this case and, as we think, properly.

It is true that section 90, Revised Statutes, provides that, "The affidavit of the publisher or editor, so

filed and recorded, or a certified copy of the record thereof, shall be received in evidence in all the courts of this state." But we can see no reason why this should exclude other competent evidence of the fact. The statutory mode of proof was not intended to be exclusive. The case of *Henry v. Esty*, 13 Gray, 336, is in point. The Massachusetts statute is similar to ours. It appeared in that case that no affidavit of the administrator, that he had given notice of his appointment as required by statute had been filed and recorded as was also required by statute, but the trial court, against objection, allowed the fact to be proved by witnesses and the action was sustained by the supreme court. That statute provided, as does ours, though not in the same words, that such "filed and recorded" notice "shall be admitted as evidence of the time, place and manner in which the notice was given."

Objection is taken to the sufficiency of the notice itself. It is as follows:

### "LEGAL NOTICE.

"Notice is hereby given that James McGeever, a native of Ireland, of dark complexion, about five feet, eight inches high, and about forty-five years of age, died in Atchison county, Missouri, on the twenty-fifth of August, 1871, and that the appraised amount of his estate is $562.59.

> "JERRE PURDOM,
> "Public Administrator."

This is in compliance with section 93, Revised Statutes, and though not addressed to any one, it does not appear to be required by the statute that it should be.

Those cases cited us by appellant that limitation does not run in favor of a trustee of an express trust until the trust is closed or disavowed have no application here. In this case final settlement was made and approved January 2, 1877, and this suit was instituted

July 5, 1887, being more than ten years thereafter. There can be no question that a cause of action accrued to the heirs at the date of the final settlement, and this even though there was no order of distribution. *State v. Matson*, 44 Mo. 305; *Moorehouse v. Ware*, 78 Mo. 100. See, also, *State ex. rel. v. Grigsby*, 92 Mo. 419. The fact that the administrator could retain the amount found due the estate on final settlement before turning it over to the state under sections 258, 265, Revised Statutes, does not alter the time when the cause of action accrued to their heirs.

We have examined other points presented but think them not well taken. Our opinion is the cause of action was barred by the statute, and we affirm the judgment. All concur.