A. C. DINGLE, Administrator, Respondent, v. WILLIAM POLLICK *et al.*, Appellants.

Kansas City Court of Appeals, April 25, 1892.

1. **Probate Court:** DEMAND AGAINST ESTATES: JUDGE IN VACATION. Claims against the estates of deceased persons must be presented to and allowed by the probate court while in session as such, and not to the judge in vacation.

2. ————: JUDGE IN VACATION: ENTRY OF JUDGMENT AFTER LIMITATION: ANTEDATING SAME. For the probate judge in vacation and after expiration of the two years' limitation to enter judgment against an estate as of a prior date so as to redeem it from the bar of the statute, is a wrong, and a legal fraud against the estate.

3. **Pleading:** FRAUDULENT ENTRY OF JUDGMENT. In a petition seeking to set aside a judgment entered by the judge in vacation, etc., it is not necessary to allege in terms that the entry thus made was conceived in fraud, etc. It is sufficient to state the facts, and in this case the facts stated and proved constitute fraud in law.

4.  **Equity:** JURISDICTION OF: FRAUD: STATUTE.  Fraud belongs to the original jurisdiction always exercised by a court of equity, and constitutes its most ancient foundation, and such jurisdiction is not ousted because a remedy exists at law; for the jurisdictional powers formerly possessed by that court still continue unaffected by the enlargements which are taking place in the functions of the courts of law, and will not be extinguished by anything short of direct and positive and prohibitory enactment; and section 213, Revised Statutes, 1889, providing for vacating improper allowances, etc., does not operate to oust a court of equity of its jurisdiction to set aside a judgment fraudulently procured and wrongfully entered.

5.  **Administration:** PROOF OF NOTICE OF LETTERS: EVIDENCE.  The statutory mode of proof of notice of letters of administration does not exclude other competent evidence of the fact such as the testimony of the publisher supported by the files of his paper.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry* and *W. A. Edmonston*, for appellants.

(1)  Plaintiff's bill contains no equities, and does not state facts sufficient.  It neither charges fraud, accident nor mistake.  Fraud and collusion must be alleged and proven.  *Smith v. Sims*, 77 Mo. 269; *Reed v. Bott*, 100 Mo. 62; *Murphy v. DeFrance*, 101 Mo. 151.  (2) Plaintiff's remedy was at law.  If defendants' claim was improperly allowed the statute gave the remedy.  He had four months to question it.  R. S. 1889, sec. 213; R. S. 1879, sec. 216.  (3) Was defendants' claim improperly allowed?  Was it barred by two years' limitation?  R. S., sec. 184.  The limitation did not begin to run in this case, because there was no publication of notice of letters.  R. S., sec. 184.  Such notice must be published, and a copy of the same, with affidavit of the publisher, filed with the clerk of probate court, and by him recorded in a book kept for that purpose.  R. S., secs. 86, 87, 88, 89.  The record

shows this was not done, and defendants were not barred. The parol evidence of the publisher was improper. The claimant is required to go to the record only, and if that does not show such notice he has no notice. R. S., sec. 88. If the notice was sufficient there is no evidence of knowledge of the publication of such notice to these defendants. (4) Notice of defendants' demand was waived by plaintiff, December, 1887. R. S., sec. 198. The claim was handed to the court within the two years, and it being a note it was evidence of itself, and the claim was in effect allowed from date of notice. R. S., sec. 199. The court indorsed it, allowed September 12, 1889. We insist that it was properly allowed, whether the indorsement of allowance was made before or after the expiration of the two years. *Jones v. Davis, Adm'r*, 37 Mo. App. 69. Under the facts in the case, even if plaintiff's bill is sufficient, the evidence does not support the court's finding, and plaintiff's bill should be dismissed.

*Geo. Robertson*, for respondent.

(1) The date of the letters of administration was October 4, 1887. Notice was published within thirty days thereafter. The claim was, therefore, barred within two years from the date of the letters. R. S. 1889, sec. 184. The claim must not only have been presented to the administrator, but to the probate court, within two years from the date of letters. R. S. 1889, sec. 188; *Price v. McCanse*, 30 Mo. App. 627. (2) Plaintiff had no remedy at law. Section 213, Revised Statutes, 1889, is not intended for this kind of a case. This section applies only to allowances improperly allowed by the court, and does not apply where there is, in fact, no allowance; simply, as in this, an utterly void judgment placed upon the record by the clerk.

This is a case, where, so far as the records are concerned, there is a valid judgment of allowance, but it was not allowed by the court. The clerk of the court entered it upon the records, not as a court, but in such a way as to make it *prima facie* upon the record a judgment. (3) It is true the petition does not, in terms, charge collusion and fraud, but it states simply the facts, which are fully supported by the evidence. They are, in. effect, a collusion between the defendants and the judge of the court, and operate as a fraud upon decedent's estate. The petition is sufficient, although it does not charge fraud and collusion, or either, in direct terms, but does so in effect. The petition is sufficient, and states a case for equitable relief. *Mayberry v. McClurg*, 51 Mo. 256; *Stewart v. Caldwell*, 54 Mo. 536; *Smith v. Sims*, 77 Mo. 269. Any concealment or omission that wrongs the estate must be considered as fraudulent, without reference to the motive that dictates it. *Clyce v. Anderson*, 49 Mo. 37; *Houts v. Shepherd*, 79 Mo. 141. (4) .The evidence of the publisher was admissible to show the publication of the administrator's notice, after it was shown that there was no record of it in the probate judge's office. *Davis v. Hilton*, 17 Mo. App. 319; *Compton v. Arnold*, 54 Mo. 147; *Addis v. Graham*, 88 Mo. 197.

GILL, J.—This is a suit in equity to set aside and hold for naught an alleged judgment of allowance in favor of defendants against the estate of John C. ·Dingle, deceased, of which plaintiff is the administrator. On a hearing before the circuit court, a decree was entered for the plaintiff, and defendants have appealed.

The record discloses the following state of facts: On October 4, 1887, letters of administration were

issued to the plaintiff, and notice thereof was given within thirty days. Defendants held a promissory note against the estate, and in December, 1887, presented the same to the administrator, who waived notice thereon. But defendants failed to present, and have allowed, their said claim during the two years following the granting of the letters of administration. However, shortly after the expiration of the two years the claim was presented to the probate judge in vacation, and he proceeded to, and did, write up, and enter on the probate records, an allowance in favor of the defendants; and, to save the operation of the statutory bar of two years, the so-called record of allowance was dated back so as to come within the two years. This was not discovered by the plaintiff administrator until a few months thereafter, and, thereupon, this suit was instituted in the circuit court, wherein it was alleged that said pretended judgment of allowance was void, etc., that defendants were seeking to enforce the same, and the court was asked to set aside the judgment, etc.

We discover no reason to disturb the judgment of the circuit court. Viewed in the light of the admitted facts, this pretended order of allowance was an absolute nullity and a fraud on the estate. Claims against the estates of deceased persons must be presented to, and allowed by, the probate court while in session as such, and not to the judge in vacation as in this case. This judge was *ex officio* his own clerk (as provided under the statute, he might be); and his action in passing on defendant's claim and entering said judgment of allowance was, under the circumstances here detailed, nothing more than the act of any other clerk of a court of record who might assume in vacation to hear a controversy and declare the court's judgment. The probate judge, when assuming to pass on defendant's claim in vacation, was not the *probate court;* no more so, indeed,

than if the like had been done by one entirely outside the court's machinery.

This attempted allowance, too, was a wrong and a legal fraud against the estate, regardless, too, of the good or bad motives of the judge. The two years' limitation within which the claim should have been presented had expired, and the administrator, with a view of paying the same, had taken from the probate records a list of allowed claims. But thereafter the judge, in vacation (acting as an individual, and not as the court), seeks to add to the estate's indebtedness by unlawfully passing on defendants' claim, and entering judgment as of a prior date, so as to redeem the claim from the bar of the statute.

Defendants make some objection to the petition in that it is not alleged in terms that the entry thus made by the probate judge was conceived in fraud, etc. This was not necessary. It is sufficient under our practice to state the *facts;* it is not required to allege the conclusions of law. The facts here stated and proved constitute a fraud in law, and it is the peculiar province of courts of equity to deal with such cases. *Smith v. Sims,* 77 Mo. 274. This fraud, too, is in the *procuring* or entering a judgment. *Murphy v. DeFrance,* 101 Mo. 157. See, also, *Mouts v. Shepherd,* 79 Mo. 144; *Clyce v. Anderson,* 49 Mo. 41; *Stewart v. Caldwell,* 54 Mo. 539.

Defendants' counsel further contend that this suit in equity ought not to be maintained, because of section 213, Revised Statutes, 1889, which provides for vacating improper allowances, etc. Even to admit that in this case relief of some sort was obtainable under the provisions of this section, yet it may be well said here as in *Stewart v. Caldwell, supra:* "But fraud belongs to the original jurisdiction always exercised by a court of equity and constitutes its most ancient foundation;

and such jurisdiction is not ousted because a remedy exists at law, for the jurisdictional powers formerly possessed by that court still continue unaffected by the enlargement which is taking place in the functions of the courts of law, and will not be extinguished by anything short of direct and positive prohibitory enactment." This action is one to set aside a judgment fraudulently procured and wrongfully entered; and, as already said, is peculiarly within equity jurisdiction. *Cooper v. Duncan*, 20 Mo. App. 399.

The only matter remaining, and which deserves mention, grows out of the manner of proof offered by the plaintiff to show that he gave the notice of granting letters of administration to him. At the trial, it appeared from the testimony of the administrator as well as that of the probate judge, uncertain whether or not the administrator had ever filed in the probate court an affidavit of the publisher of the newspaper, to the fact that the notice had been inserted in the paper. At all events the probate judge testified that if such an affidavit had ever been filed it had been mislaid, that he was unable to find it, and that it was never spread upon the records of his office. The plaintiff was then permitted, over the defendants' objection, to show by the publisher of the paper, supported by the files of his paper, that such notice was published as required by section 86 of the administration statute. It was insisted on the part of defendants that such proof of publication could only be established by a production of the publisher's affidavit filed in, and spread on the records of, the probate court. Now while sections 87, 88 and 89, Revised Statutes, 1889, provide for such proof; that is, that the affidavit of the publisher spread on the probate records "shall be received in evidence in all courts of this state," yet we held in *State ex rel. v. Shires*, 39 Mo. App. 560, that such statutory mode of proof of

notices in administration does not exclude other competent evidence of the fact. Adhering now to the opinion there expressed, we hold that the court properly admitted the evidence objected to.

Judgment affirmed. All concur.