BOLZ COOPERAGE CORPORATION, a Corporation, Appellant v. ANNIE G. BEARDSLEE, Administratrix of the Estate of THOMAS J. BEARDSLEE, Deceased, Respondent.

St. Louis Court of Appeals. Opinion Filed December 5, 1922.

1. **COURTS: Probate Courts: Court Exercising Probate Jurisdiction Bound by Probate Rules.** The Cape Girardeau court of common pleas in the exercise of probate jurisdiction on its probate side is bound by the rules laid down for the conduct of probate courts, and it is likewise accepted that under the statute (section 197, Revised Statutes 1919) claims against estates shall be summarily heard and allowed without form of pleading.

2. ———: ———: ———: Claims Against Estates: Pleading: Sustaining Plea of Statute of Nonclaim and Demurrer and Rendering Judgment Without Summary Hearing: Not Error.   Where a claimant, after the statutory period of limitations had elapsed, filed and presented for the consideration of the court, exercising probate jurisdiction, a demand against an estate drawn and treated by it as a petition, setting out with precision and particularity that letters of administration had been properly issued upon the estate, etc., and anticipating the defense of the statute of nonclaim to avoid the bar of such statute, pleaded the imperfections of the publisher's notice and that the claimant was relieved from the bar of said statute by virtue of the Soldiers' and Sailors' Civil Relief Act, and in pleading thereto defendant pleaded the statute of nonclaim and also what was in effect a general demurrer, and both parties submitted the matter on such pleadings, *held* that the action of the lower court in sustaining defendant's plea and entering judgment accordingly instead of hearing the claim in a summary manner was not error.

3. **EXECUTORS AND ADMINISTRATORS:** Claims Against Estates: Statute of Limitations: Publication of Notice of Granting of Letters: Clerical Mistake in Jurat: Does not Suspend Statute.   An error in the date of the jurat affixed to the printer's affidavit of publication of notices of granting letters of administration, obviously a clerical mistake, did not prevent the Statute of Limitations, limiting the time for filing claims, to begin to run, where it appears that there was in fact a proper publicaton of the notice of letters of administration at the time stated.

4. **ARMY AND NAVY:** Corporations: Possessing Claim Against Estate: Officer Handling Claim in Service: Corporation Does not Benefit by Soldiers' and Sailors' Civil Relief Act.   Under the Soldiers' and Sailors' Civil Relief Act, sections 100 and 101 (Vol. 40, c. 20, U. S. Stat. at Large) and sections 182 and 1345, Revised Statutes 1919, a corporation having a claim against an estate is not relieved from the bar of the statute of nonclaim, though one of its officers, who as officer and local manager conducted the negotiations with deceased out of which the claim grew, was engaged in the military service during the time the claim should have been filed.

Appeal from the Cape Girardeau Court of Common Pleas.—*Hon. John A. Snider,* Judge.

AFFIRMED.

*Oliver & Oliver,* for appellant.

*Kenrick Burrough* and *Hardesty & Limbauch* for respondent.

DAUES, J.—This appeal is from an order and judgment of the Cape Girardeau Court of Common Pleas, rendered on the probate side of the court's jurisdiction.

There are no controverted facts, and the record is short and simple. On August 12, 1919, the appellant, a corporation, filed a demand in said court against the estate of T. J. Beardslee, deceased. The amount of the claim is twenty-two hundred dollars. After setting forth a detailed statement of the account, the demand recites that the letters of administration upon said estate were granted by the said Common Pleas Court to respondent Annie G. Beardslee, on the 8th day of June, 1918; that on July 25, 1918, respondent, as said administratrix, filed with the clerk of said court the publisher's affidavit showing publication in due and regular form of the notice of the granting of said letters, showing that such publications were made on June 14, 1918, and once each week thereafter for three consecutive weeks. The demand then sets forth the affidavit of the publisher, with jurat to the effect that the affidavit was made on the 5th day of June, 1918, being a date prior to the issuance of the letters testamentary. It is then set forth in the demand as amended that on May 24, 1921, the administratrix filed a supplemental affidavit of the publisher showing the publications to have been made on June 14th, 21st and 28th, and July 5, 1918, the jurat showing the affidavit as made on May 23, 1923. Claimant's demand, or petition, then sets out the two notices, same being alike except as to the date in the jurat. The demand recites that the said notice was in fact published in a newspaper published in Cape Girardeau County on June 14th, 21st and 28th, and July 5, 1918, but that the first affidavit because of the erroneous date in the jurat was "false, farcical and invalid on its face." It further alleges that George

Bolz, as officer and local manager of demandant corporation, conducted the negotiations with Beardslee out of which the claim grows; that said Bolz entered the military service of the United States on October 15, 1918, and was absent from Cape Girardeau County and in such service until January, 1919, and that the original claim was exhibited to administratrix on August 13, 1919, and was filed in said Court of Common Pleas on the day prior thereto. The petition then concludes as follows:

"Claimant pleads and claims the exemption granted under the Soldiers' and Sailors' Civil Relief Act, passed by the Congress of the United States, being the Act of March 18, 1918, Chapter 20, Section 604, 40th Statute at Large of United States, and particularly Sections 10313, 10314, 10315, 10318, 10322 and 10347 as found in Barnes Federal Code 1919, and states that under and by reason of the provisions of said Act of Congress and of the facts herein set out in this petition and demand, it is entitled to recover from the said estate of Thomas J. Beardslee, deceased, the sum of $2,203,70, for which sum, together with its costs herein, it prays judgment."

Respondent thereupon pleaded the statute of nonclaim, and also what in effect was a general demurrer, that is, that the demand or petition of claimant does not constitute a valid claim against said estate.

The court sustained the defendant's plea and entered judgment accordingly, from which judgment Bolz Cooperage Corporation has appealed.

Counsel for appellant contend that the learned trial court, then exercising probate jurisdiction, erred in disposing of the demand or claim on respondent's demurrer, it being necessary, it is said, for the court to pass on the merits of the claim.

It is true, that court on its probate side is bound by the rules laid down for the conduct of probate courts, and it is likewise accepted that under our statute, claims against estates shall be summarily heard and allowed without form of pleading. Yet here the claimant filed

with and presented for the consideration of the court a demand drawn and treated by it as a petition, setting out with precision and particularity that letters of administration had been properly issued upon said estate June 8, 1918; that notice had been duly published by administratrix in a county newspaper for four consecutive weeks, beginning June 14, 1918; averred that the demand had been presented to the court on August 12, 1919, and duly exhibited to the administratrix August 13, 1919, thereupon the demand or petition anticipating the defense of the statute of non-claim, to avoid the bar of such statute, pleaded the imperfections of the publisher's notice, and that the corporation was relieved from the bar of said statute by virtue of the Soldiers' and Sailors' Civil Relief Act of March 18, 1918.

Both the claimant and the respondent submitted the matter on such pleadings. We think under such circumstances the lower court cannot now be convicted of error for disposing of the questions thus raised and presented.

It is next insisted that because of the error in the date of the jurat affixed to the printer's first affidavit, obviously a clerical mistake, the Statute of Limitations did not begin to run from the publishing of such notice. We rule otherwise. It appears that there was in fact a proper publication of the notice of letters of administration at the time stated. The affidavit was subsequently corrected. Indeed, it is the law that the statutory mode of proof of notices in administration does not exclude other competent evidence of the fact of such publication. [State ex rel. McGeever v. Shires, 39 Mo. App. 560; Dingle v. Pollock, 49 Mo. App. 479.]

Appellant next insists that the claimant, though a corporation, is relieved from the bar of the statute of non-claim by the Soldiers' and Sailors' Civil Relief Act, passed during the 65th Congress. It is argued, on the other hand by respondent, that said Act of Congress cannot be construed to relieve a corporation from such bar. We share the latter view. Said Act (Vol. 40, Chap. 20, U. S. Stat. at Large) recited (Sec. 100) that the pur-

pose of said Act is to extend certain privileges and exemptions to "persons in military service." Section 101 of this Act defines what is meant by persons in military service. The same provides "that the term 'persons in military service,' as used in this Act, shall include the following persons and no others: All officers and enlisted men of the Regular Army, the Regular Army reserve . . . ." Without setting-forth entire section, it is enough to say that the enumerated list is a class of natural persons, that is, individuals engaged in different branches of the military and naval services of the United States. Corporations are not included, and, not only that, they are expressly excluded from the privileges and exemptions of the Act because the list is written in terms made exclusive, since the Act provides that only the persons named and *no others* shall receive the benefit of the Act. Subsection 3 of section 101 defines the word "person," as used in the Act with reference to the holder of any right alleged to exist *against* a person in miiltary service or against the person secondarily liable under such right, and in that class partnerships, corporai and other associations are included. Said subsection reads as follows: "The term 'person,' as used in this Act, with reference to the holder of any right alleged to exist against a person in military service or against the person secondarily liable under such right, shall include individuals, partnerships, corporations, and any other forms of business association."

We do not understand that the subsection last quoted enlarges the meaning of subsection 1 of section 101. Subsection 1 defines the persons in military service. Subsection 3 is a provision in favor of persons in the military service as *against* a class who hold rights alleged to exist against any person in the military service or against a person secondarily liable under said right. The first subsection enumerates natural persons only, and expressly excludes all others. In the second class are included all who hold rights alleged to exist against a person in the military service. In the latter the term

"person" is made broad enough to include all persons artificial as well as natural, while, as already said, in the former it is limited to natural persons only. No contention is made that this claim is other than a claim in favor of a corporation, though Bolz, the agent, is conceded to have been the owner of some stock in the corporation. We are jealous to liberally construe the Soldiers' and Sailors' Civil Relief Act so as to effectuate its purpose, but we cannot read into the Act something which is not therein contained and which is clearly excluded. We therefore rule that the Soldiers' and Sailors' Civil Relief Act cannot be construed to relieve this corporation from the statute of non-claim. Our Missouri Statutes likewise contain no exception applicable to this claimant, a corporation. [Sec. 182, R. S. 1919; sec. 1345, R. S. 1919.]

Some argument is presented by appellant's counsel as to the timely filing of the demand in the Cape Girardeau Court of Common Pleas. It is sufficient in answer to this to say that under our statute, since the amendment in 1917, now section 186, Revised Statutes 1919, and being the law here applicable, the demand must be presented to the Probate Court within a period of one year, and the claimant must exhibit a demand to the administrator within one year after the first insertion of the published notice. The case of Home Insurance Co. v. Wickham, 219 S. W. 961, relied upon by appellant is of no influence in this case.

Finding no reversible error in the record, the judgment should be affirmed and it is so ordered. *Allen, P. J.,* and *Becker, J.,* concur.