NELL WORMAN LANG, Plaintiff, *v.* FRANK RUNYON LANG, Defendant.

Supreme Court, Queens County, January 29, 1941.

*Hays, St. John, Abramson & Schulman,* for the plaintiff.

No appearance for the defendant.

HOOLEY, J. A motion was made herein for an order directing the entry of judgment for arrears of alimony, which motion was granted. There was no appearance by defendant on said motion. It appeared that the defendant was a retired colonel in the United States Army. After the order directing judgment had been signed but before it had been entered, a letter was received by the court from the defendant, dated January 6, 1941, wherein, after severely castigating the plaintiff at length, he set forth as follows: " The attention of the court is called to the fact that under the Federal Soldiers' and Sailors' Act a judgment cannot be obtained against an absent defendant. If needed, the law requires that the court appoint someone to represent his interests. I have no funds to employ counsel. Am an officer of the Regular Army and subject to War Department orders. Under date of September 26, 1940, the Commanding General, First Corps Area advised me ' you have been selected for mobilization.' " The court will deem such letter to be an application to open his default and for the appointment of an attorney to protect his interest.

The court forwarded a copy of said letter to counsel for plaintiff and posed the following question: " Should the judgment be vacated

and an attorney appointed to protect the interest of the defendant." (Soldiers' and Sailors' Civil Relief Act of 1940, § 200; U. S. Code, tit. 50, Appendix, § 520.)

An affidavit was received from counsel for plaintiff, annexed to which was a telegram from the office of the Adjutant-General, which read as follows: " Colonel Frank R. Lang retired, General Delivery, Clearwater, Florida."

So that there could be no doubt in the premises, the court addressed a letter to the Adjutant-General of the United States Army, explaining the situation, and was advised as follows: " The records of the Department show that Colonel Frank R. Lang, United States Army, Retired, *has not been assigned to active duty*, and that his latest address of record is ' General Delivery, Clearwater, Florida.' "

Apparently there is only one question present: Is a retired army officer entitled to the benefits of the aforesaid Soldiers' and Sailors' Civil Relief Act.

Section 100 of such act (U. S. Code, tit. 50, Appendix, § 500) provides as follows: " In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, *of persons in the military service of the United States* in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force." (Italics supplied.)

Subdivision 1 of section 101 of said act (U. S. Code, tit. 50, Appendix, § 511, subd. 1) provides as follows: " The term ' persons in military service ' and the term ' persons in the military service of the United States,' as used in this Act, shall include the following persons and no others: All members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy. The term ' *military service*,' as used in this Act, shall signify Federal service on *active duty* with any branch of service heretofore referred to or mentioned as well as training or education under the supervision of the United States preliminary to induction into the military service. The terms ' active service ' or ' active duty ' shall include

the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other lawful cause." (Italics supplied.)

It is apparent from a mere reading of the foregoing sections that the Soldiers' and Sailors' Civil Relief Act has application only to those in active service and those who are training or studying under the supervision of the United States preliminary to induction into military service and that it can furnish no solace to the defendant herein, who was, at the time of the entry of judgment, in retirement.

The court notes in passing that the defendant's affidavit in no wise indicated any prejudice to him in the defense of the action or that he had a legal defense to the proceeding. Nevertheless, if the court found that the act applied to said defendant, it would have given him opprotunity to submit further proof in the matter.

The application to open the default and for the appointment of an attorney to protect defendant's interest is denied.