12 So.2d 852

## OLIVER v. OLIVER.

4 Div. 271.

Supreme Court of Alabama.

April 8, 1943.

A. L. Patterson, of Phenix City, for appellant.

No attorney marked for appellee.

GARDNER, Chief Justice.

The bill was by the wife against the husband seeking divorce on the ground of cruelty and containing averments in compliance with the statute. Title 34, § 22, Code of 1940; Sams v. Sams, 242 Ala. 240, 5 So.2d 774; Ratcliff v. Ratcliff, 209 Ala. 377, 96 So. 422.

Complainant offered testimony of herself and two witnesses in substantiation of the cruelty charge, disclosing actual violence by the husband upon the person of the wife attended with danger to her life or health. Authorities supra. It is clear the proof justified the decree of divorce, and this is not questioned by the chancellor in his opinion which accompanies the decree. But complainant was denied relief and her bill dismissed upon the following theory.

In complainant's affidavit as to defendant's nonresidence, it was stated that Robert Oliver, the defendant, "is a non resident of the State of Alabama, that she does not know his whereabouts, and he has been absent from the State of Alabama for more than six months before the making of this affidavit, and that he does not have any address or place of residence in the State of Alabama, and that he is a necessary party to said suit, and that she has made a diligent search and inquiry in an effort to locate him but has been unable to do so, and that it is necessary to serve him by publication as required by law in such cases and that he is over 21 years of age, and that he is not a member of the armed forces of the United States, being physically disabled for military service." The affidavit was in compliance with Equity Rule 6, Title 7, page 1044, Code of 1940 Appendix and due publication and posting was had as specified by this rule. In due time decree pro confesso was entered by the register in accordance with the provision of Equity Rule 32, Title 7, page 1076, Code of 1940 Appendix. Relief was denied complainant for the reason, as stated by the chancellor, that there was inconsistency in complainant's statement that defendant was not a member of the armed forces "and in the same breath that she does not know where he is." The opinion concludes: "When she states as a fact that the Respondent does not belong to the Army and then shows that she does not know where he is, she offers unsatisfactory and contradictory statements that do not satisfy this Court that she is entitled to the relief that she seeks."

The court had in mind Section 200 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1180, 50 U.S.C.A. Appendix, § 520, which reads as follows:

"(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defend-

ant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act.

"(2) Any person who shall make or use an affidavit required under this section, knowing it to be false, shall be guilty of a misdemeanor and shall be punishable by imprisonment not to exceed one year or by fine not to exceed $1,000, or both.

"(3) In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; and in such case a like bond may be required and an order made to protect the rights of such person. But no attorney appointed under this Act, to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts.

"(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days· thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act shall not impair any right or title acquired by any bona fide purchaser for value under such judgment."

■ This statute was intended solely for the benefit of those in the armed services of the United States, and is to be liberally construed to effectuate its purpose. Royster v. Lederle, 6 Cir., 128 F.2d 197. But this does not mean that the courts are to enter into the field of speculation and go beyond the plain import of the language of the statute. Bolz Cooperage Corp. v. Beardslee, 211 Mo.App. 109, 245 S.W 611; Note, 130 A.L.R. 776.

■ Here complainant has filed her affidavit stating as a fact that the defendant is "not a member of the armed forces of the United States," and as one of her basic reasons therefor that he is "physically disabled" for such service. We cannot agree that this presents a statement contradictory to that concerning his unknown place of residence. Complainant may well know defendant's exemption from military service by reason of physical incapacity and at the same time be unable to ascertain his present residence.

The chancellor indicates there was a better method to ascertain whether or not defendant was in military service, having in mind, no doubt, the provision of Section 601, Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix, § 581, which gives prima facie credence to the certificate of the chiefs of bureaus of the several branches of military service as to whether or not any person is or has been in military service. But Section 200, above noted, makes no such requirement, and complainant has complied with the terms by making the affidavit therein contemplated.

It is, of course, proper and commendable that the courts see to it there is compliance with the statute to the end that its purpose be effectuated. But where, as here, complainant has met the requirements of the Act, we think relief should not be denied her for the reason that perhaps more perfect proof may have been had. The statute

(§ 200, supra) made no requirement that the certificate referred to in Section 601 of the Act be furnished, but prescribed an affidavit instead. We do not feel justified in adding the additional proof as a condition precedent when the statute is silent concerning it.

We may add also that in the event of error in the regard herein indicated, the statute makes provision for reopening the decree. As applicable to a divorce suit this question was considered by the North Carolina court in Combs v. Combs, 180 N. C. 381, 104 S.E. 656, noted in 130 A.L.R. 783. And it may be noted likewise ·the statute provides heavy penalty for one who makes or uses an affidavit with knowledge of its falsity.

Furthermore, the language of the statute, as well as the decisions interpreting it, indicate that the discretion vested in the trial court concerns the matter of staying the proceedings and not a dismissal of the cause for the failure of a proper affidavit. In any event, therefore, complainant's bill was not due to be dismissed for the reason stated in the chancellor's opinion. See authorities cited in the annotations found in 130 A.L.R. 774 et seq., treating the act of 1918, 50 U.S.C.A. Appendix, § 101 et seq., which in the respect here involved is substantially that of the act of 1940.

We conclude, therefore, that complainant's case meets all requirements of law and that she was erroneously denied relief. It follows that the decree rendered is due to be reversed, and one here entered granting the decree of divorce prayed for in the bill.

Reversed and rendered.

BOULDIN, FOSTER, and LAWSON, JJ., concur.