48 So.2d 423

**PEACE v. BULLOCK.**

**7 Div. 48.**

Supreme Court of Alabama.

Oct. 26, 1950.

Young & Young, of Anniston, for appellee.

Robinson & Wright, of Gadsden, for appellant.

SIMPSON, Justice.

This case was here before on appeal from decree on demurrer, where we held the bill to show the complainant, Peace, to be within the purview of the benefits of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix § 501 et seq., as a person "in the military service of the United States". Peace v. Bullock, 252 Ala. 155, 40 So.2d 82.

The present appeal is from a final decree on the merits. It appears from the evidence that Peace was not, as alleged in the bill, in the military service of the United States, but was a civilian employee of the U. S. Navy. The trial court held that he failed to. sustain the burden of proof to show his entitlement to the benefits of the

Act and that the running of the period allowed for the redemption from a mortgage foreclosure would not be extended or postponed until the termination of his employment with the Navy.

We are in accord with the ruling below. As disclosing that appellant was a civilian employee, the evidence shows that he was doing civil work as an electrician and timekeeper; he was not drafted, inducted, enlisted or commissioned in the Navy, but voluntarily applied for and received the position with the Navy Department, for which he was paid an hourly rate, and when he completed his contract of employment he "resigned" and returned home. He was allowed no veteran's preference and was certified by the Navy Department as *not* having been in the naval service of the United States—this was the certificate of non-military service provided for by the Act. 50 U.S.C.A.Appendix, § 581.

■ Sympathetic as we may be with appellant, we must reject his argument that he was protected by the Act. § 511, 50 U.S.C.A.Appendix, defines those entitled to the protection of the Act as "the following persons *and no others:* All members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public-Health Service detailed by proper authority for duty either with the Army or the Navy." The language of the section thus manifestly excludes the appellant. The decisions are concordant with this view. Osbourne v. United States, 2 Cir., 164 F.2d 767; Wilmington Trust Co. v. Mutual Life Ins. Co. of New York, D.C.Del., 76 F.Supp. 560, 563.

■ While the statute is to be liberally construed to effect its purpose, it was designed solely for the benefit of those in the armed services of the United States and the courts may not enter the field of speculation and go beyond the plain import of the language of the statute to award benefits thereunder. Oliver v. Oliver, 244 Ala. 234, 12 So.2d 852(2); Royster v. Lederle, 6 Cir., 128 F.2d 197; Bolz Cooperage Corp. v. Beardslee, 211 Mo.App. 109, 245 S.W. 611, note, 130 A.L.R. 776; Lang v. Lang, 176

Misc. 213, 25 N.Y.S.2d 775; Mantz v. Mantz, Ohio Com.Pl., 69 N.E.2d 637; Bronson v. Chamberlain, Mun.Ct., 53 N.Y.S.2d 172.

We find no error in the ruling below.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.