## DORSEY vs. HARDESTY.

1. The nature and effect of a contract, depend upon the law of the State in which the contract is made, or is to be performed; and the form of action given as the remedy for a breach of the contract, upon the law of the State in which the remedy is sought.

2. An instrument of writing which our laws regard as sealed, though executed in a State in which the law would not so regard it, is, so far as the remedy to enforce such contracts is concerned, to be regarded as sealed in our courts.

3. A plea of the statute of limitation without affidavit, under the act of Feb'y 27th, 1843, is bad, and may be stricken out on motion.

## ERROR to St. Charles Circuit Court.

GAMBLE & BATES, for Plaintiff in error.

C. D. DRAKE, for Defendant in error.

SCOTT, J. delivered the opinion of the court.

This was an action of debt on three several bonds executed by Loyd Dorsey to Jones and Hardesty. The suit was brought by Hardesty as surviving partner, and judgment was recovered by him; to reverse which this suit was prosecuted.

The bonds on which suit were brought, were executed in Maryland, and had scrawls affixed to them by way of seals, and the scrawls were recognized as seals in the body of the instruments. The pleas were *non est factum*, and set-off, and the statute of limitations was pleaded in bar of a recovery on one of the bonds. This plea was not verified by affidavit, for which reason it was on motion stricken out.

Upon this state of facts on the trial, the defendant objected to reading the bonds in evidence, on the grounds of variance; that being executed in Maryland, it did not appear that such instruments were by the law of that State regarded as sealed; and that at common law no instrument was regarded as sealed, that was not actually so; that "*sigillum est cera impressa, quia cera, sine impressione non est sigillum*," was the principle of the common law. The court overruled this objection, and permitted the bonds to be read in evidence. This is assigned for error. In the case of Broadhead, admr., vs. Noyes, decided at the present term of the court, it was held that the *lex fori* determined the remedy, and that although the validity, nature and construction of a contract were ascertained by the law of the place where it was executed or to be

performed, yet the law of the *forum* where the suit is brought, will give the remedy.   These instruments being regarded as sealed, by our laws, it is immaterial in what light they were regarded by the laws of Maryland,  as the remedy upon them  according to the  foregoing  principle, must conform to our laws.

The 8th section of the act to simplify proceedings at law, passed Feb. 27, 1843, enacts, "that hereafter, no special plea shall  be filed in  any action founded on  contract, expressed  or implied, unless such special plea be verified by the affidavit of the defendant, or some person on his behalf."   There are three descriptions of pleas in bar : the general issue, a denial of a particular allegation in  the declaration, and a special plea of new matter not apparent on  the face of the  declaration.— It is always essential to plead specially, where new matter was brought forward  by way of defence, and the defendant  admitted all the plaintiff's allegations, but denied or avoided their operation.   Chitty, 508, 546.   It is obvious that according to these principles, a plea of the statute of limitations is a special plea.   It admits the plaintiff once had a cause of action, and sets up new matter in avoidance of it.   In personal actions the statute of limitations is always pleaded.   The court committed no error in striking out the plea of the statute of limitations, or in refusing to re-instate it.

Judgment affirmed.