Carder v. Primm.

OLIVER CARDER, Appellant, v. JAMES L. PRIMM, Administrator of the Estate of FRANCIS M. CARDER, Respondent.

St. Louis Court of Appeals, December 8, 1891.

1. **Burden of Proof:** SUFFICIENCY OF EVIDENCE. If a claim is once shown to have existed, it is presumed to remain unpaid until the contrary is proven. And a plaintiff, who seeks to enforce a claim against the administrator of a decedent, is entitled to go to the jury, if he establishes, though only by one witness, that the decedent admitted the correctness of the claim eight or nine months before his decease.

2. **Statute of Limitations:** WAIVER. An administrator can waive the defense, that a claim presented against the estate of his intestate is barred by the general statute of limitation, and will be held to have waived it, when the record does not show that he interposed it either by oral plea or otherwise, it being his duty, even when there are no written pleadings, to distinctly bring it to the attention of the trial court, if he intends to insist upon it.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Blair & Marchand*, for appellant.

The admission of Carder, deceased, was evidence of the fact in issue. However weak it may have been, it was for the jury to decide upon its weight and sufficiency, and not the court. The instruction of the court usurped the province and duty of the jury. The evidence was sufficient to authorize a verdict and judgment for plaintiff. The case should have gone to the jury. Such an instruction can be given only when there is no evidence. *Robbins v. Ins. Co.*, 12 Mo. 380; *Turner*

*v. Loler*, 34 Mo. 461; *Routsong v. Railroad*, 45 Mo. 236. Authorities are too numerous to cite. We, therefore, refer the court to Pattison's Mo. Digest, secs. 77, 78, p. 322; 2 Stark's Mo. Digest, sec. 307, p. 337; *Moody v. Deutsch*, 85 Mo. 237; *Grant v. Railroad*, 25 Mo. App. 227; *Mathews v. Railroad*, 26 Mo. App. 75; *Taylor v. Short*, 38 Mo. App. 21; 2 Story's Eq. Jur. [13 Ed.] sec. 1041, p. 361; *Johnson v. Collins*, 14 Iowa, 63.

*L. F. Cottey* and *O. D. Jones*, for respondent.

(1) The complaint, so far as it does anything, alleges facts to show "a trust" obligation of respondent's intestate, pure and simple, "for money collected by deceased about the year 1886 for and held in trust for the use and benefit of Oliver Carder." It is an alleged trust in personal property. Such a case cannot be established by loose, vague and indefinite expressions of the parties. *Kramer v. McCaughey*, 11 Mo. App. 429; *Bivens v. Bangert*, 16 Mo. App. 22. Testimony as to verbal admissions of parties since dead is to be received with great caution, and whenever it is attempted to prove resulting trusts by virtue of such admissions the testimony must be clear, strong and unequivocal, and leave no room for doubt. A mere preponderance of evidence will not do in such cases. Loose declarations and statements of persons since dead are entitled to but small weight. *Johnson v. Quarles*, 46 Mo. 423; *Ringo v. Richardson*, 53 Mo. 385; *Rennedy v. Rennedy*, 57 Mo. 73; *Forrester v. Scoville*, 51 Mo. 268; *Woodford v. Stephens*, 51 Mo. 443; *Cornet v. Bertelsmann*, 61 Mo. 18; *Ray v. Loper*, 65 Mo. 470; *Modsell v. Riddle*, 82 Mo. 31; *Shaw v. Shaw*, 86 Mo. 594; *Rogers v. Rogers*, 87 Mo. 257; *Philpot v. Penn*, 91 Mo. 38; *Adams v. Burns*, 96 Mo. 361; *Allen v. Logan*, 96 Mo. 591; *Burdett v. May*, 100 Mo. 13. There was not a scintilla of evidence tending to show the money was collected by deceased "about 1886." It tended rather to show it was about

thirteen years ago.    Plaintiff's witness had a conversation with claimant " about this claim, probably fourteen years ago this winter.   He didn't say it was moneys ; he ( claimant ) said he had left his business with Carder, deceased."

THOMPSON, J.—The plaintiff preferred in the probate court of Knox county a claim against the estate of Francis M. Carder, deceased, in the following language, and fortified by the statutory affidavit :

" James L. Primm, administrator, with the will annexed, of the estate of Francis M. Carder, deceased, in account with Oliver Carder, debtor.

" For money collected by deceased about the year A. D. 1886, for ( and held in trust for the use and benefit of ) said Oliver Carder, seven hundred and fifty dollars ( $750 ).   Interest at ten ( 10 ) per cent. on same at compound per annum, three and one-half years, $161.   Nine. hundred and eleven and eighteen-hundredths dollars ( $911.18)."

The probate judge allowed the claim, and the administrator appealed to the circuit court.   In that court a jury was impaneled.   The plaintiff adduced testimony of but one witness in support of his claim, and rested at the conclusion of the testimony of this witness.   Thereupon the court instructed the jury that the plaintiff could not recover ; and the propriety of this instruction is the principal question on this appeal.

It appeared from the testimony of the plaintiff's witness that the deceased died in July, 1887 ; that the witness met the deceased in a corn field some time in the previous October or November, and had a long conversation with him, in which conversation the deceased spoke of his financial affairs and admitted that he had in his hands between $700 and $800 belonging to the plaintiff.   The witness was subjected to a severe cross-examination, but this did not shake his original statement as thus substantially expressed.

We take it that this evidence entitled the plaintiff to go to the jury, and that upon it the jury might have found for the plaintiff in a sum not exceeding $700. The mere fact that the evidence,— consisting entirely of admissions, and what is worse, of the admissions of a man who has since died, and who hence cannot contradict the witness,— is perhaps the weakest species of evidence, and subject to greater suspicion when dealt with by the trier of the fact, who must determine its credibility, does not, as matter of law, prevent it from being considered as evidence by a jury in a case at law. The present action is in the nature of an action at law for money had and received by the deceased to the use of the plaintiff. The mere fact that the plaintiff's statement of claim speaks of the money as having been held in trust does not, as counsel for the administrator suppose, turn the proceeding into a proceeding in equity, and make it a case for the application of the rule applied by chancellors, when they sit as triers of facts, that only clear and satisfactory evidence will be deemed sufficient to establish resulting or implied trusts. The credibility of the plaintiff's witness was exclusively a question for the jury, and the court could not direct a nonsuit, because the court might think that the testimony of the witness ought not to be believed. The only room for a serious doubt upon this question lies in the fact that the conversation, in which the witness states that the defendant made this admission, is said by the witness to have taken place eight or nine months prior to the death of the deceased. Would an admission by the deceased that he had in his hands $700 or $800 of the plaintiff's money on a given date be *prima facie* evidence that he had that much money or any money of the plaintiff in his hands eight or nine months later? We take it that it would be. We take it that the question is governed by the well-known presumption that, when a state of things is once shown to have existed, it is presumed to continue to exist

until the presumption is overcome by countervailing proof, or by some stronger countervailing presumption of law. *Cargile v. Wood*, 63 Mo. 501. Under the operation of this presumption, when a debt is once shown' to have existed it is presumed to remain unpaid until the contrary is shown, or until the presumption is rebutted by the application of the statute of limitations, or by the countervailing presumption of payment which springs from lapse of time. Thus, it has been held that, where a deed of trust recites an indebtedness, it is presumed to have remained unpaid, in the absence of affirmative proof of payment, until the date of the sale. *Graham v. Anderson*, 42 Ill. 514; s. c., 92 Am. Dec. 89; *Chapin v. Billings*, 91 Ill. 543. So, where an affidavit for an attachment, made on the fifth of October, alleged an indebtedness, this was presumed to exist on the sixteenth of October, the day when the attachment was in fact applied for. *O'Niel v. Mining Co.*, 3 Nev. 141. So where A, . in November, 1865, admitted. that he owed a debt to B, and in 1867 B brought suit for it, it was held that there was a presumption that the debt was still unpaid, although the debt had not in fact become payable when the admission was made. *Farr v. Payne*, 40 Vt. 615. So, to prove a debt against a bankrupt, an entry in his books made some months before the bankruptcy, showing the indebtedness was admissible, the presumption being that it continued unpaid. *Jackson v. Irvin*, 2 Camp. 48.

These decisions make it clear that the testimony of the plaintiff's witness was sufficient to shift the burden of proof, and to warrant the jury in finding for the plaintiff, if they should believe the witness; and if the testimony is weak, depending first upon the admissions of a dead man, and next upon a presumption of law, it may be due to the fact that the statute, on grounds of public policy, seals the mouth. of the plaintiff as a

witness in his own behalf, the mouth of the other party to the transaction being sealed in death.

A question is made as to the propriety of allowing the defendant's counsel to cross-examine the witness as to conversations between the witness and the third persons, in which the witness had spoken about a certain lawyer having an undue influence over the probate judge in preventing the allowance of this claim. We are of opinion that there was no error in this ruling. It tended to show the interest of the witness in the prosecution of this claim, his feelings and bias respecting it, and was hence proper on cross-examination as affecting his credibility.

The question of the general statute of limitations is not properly raised on the record. The record does not show that this defense was interposed in any way, either by oral plea or otherwise. It is a defense which even an administrator can waive. *Wiggins v. Levering*, 9 Mo. 262; *Stiles v. Smith*, 55 Mo. 363. In every case, even where there are no written pleadings, this defense must be distinctly brought to the attention of the trial court in some way. This we have held on the analogous question of the statute of frauds, and that it is not brought to the attention of the court by a request for an instruction that the plaintiff cannot recover. *Scharff v. Klein*, 29 Mo. App. 549.

It should be added that, on the evidence of this record, the plaintiff cannot recover any interest beyond simple interest, from the date when the demand was exhibited against the administration.

For the error of instructing the jury that the plaintiff was not entitled to recover, the judgment will be reversed and the cause remanded. All the judges concur.