# DE LA VERGNE v. RICHARDSON, Administrator, Appellant.

**In Banc, June 30, 1906.**

**ADMINISTRATION: Certificates: No Assets.** Certificates of stock of a New York corporation, assigned by the owner, a resident of New York, to a citizen of Missouri, as collateral security, and held by him at the time of the owner's death in New York, after which the citizen's liability ceased, are not assets of the estate, but simply evidence of the ownership of the stock, which is in New York. And if there are no other assets of decedent's estate in Missouri, as shown by the inventory, however large the debts proved here against the estate, the administration here should be dissolved.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*Rassieur, Schnurmacher & Rassieur* for appellant.

*Nagel & Kirby* for respondent.

VALLIANT, J.—This proceeding comes from the same state of facts that constitute the controversy in the case of Richardson, Administrator, v. Busch, just decided, and reported at page 174 of this volume, and differs from that case only in the character of the litigation.

Here the widow of the deceased De La Vergne and others interested in the estate in New York have come into the probate court in the city of St. Louis and moved to revoke the authority of Richardson to administer on the estate of De La Vergne because as shown by the inventory of the administrator filed the two certificates of stock in question in the case of Richardson v. Busch constitute the only items that are claimed by the administrator to belong to the estate in Missouri,

and that therefore there is nothing in this State to administer. The cause was certified to the circuit court where it was tried and submitted for judgment on an agreed state of facts, which showed among other things that there was never any estate in Missouri belonging to De La Vergne unless these two certificates of stock were such and that Mr. Busch had delivered them to the New York executors, and they were there included in the inventory of the executors. There was evidence of debts proven against the estate in St. Louis. The circuit court rendered judgment sustaining the motion to revoke and annul the authority of Richardson as administrator of the estate of De La Vergne, and from that judgment Richardson brought this appeal.

For the reasons stated in the opinion in the case of Richardson v. Busch, above mentioned, the judgment in this case is affirmed. All concur, except *Lamm, J.*, who dissents.