LENA OVERMEYER, RESPONDENT, v. CLARA ROGERS, APPELLANT.[*]

Kansas City Court of Appeals. January 3, 1928.

---

[*]Corpus Juris-Cyc. References: Executors and Administrators, 24CJ, section 907, p. 297, n. 16.

*A. L. Shortridge* for respondent.

*H. T. Williams* for appellant.

WILLIAMS, C.—This case comes on appeal from the circuit court of Pettis county. The case originated in the probate court of Pettis county.

Upon the death of Charles E. Rogers, his son, Harrison E. Rogers, who was a brother of the claimant, qualified as executor under the will of Charles E. Rogers. A claim of $500 was allowed in the probate court in favor of Lena Overmeyer, the daughter of Charles E. Rogers. The claim on its face appeared to be barred by the five-year Statute of Limitations.

Clara Rogers, the widow of Charles E. Rogers, who was his second wife and not the mother of the claimant or the executor, filed a motion to set aside the allowance of the claim. This motion was overruled by the probate court of Pettis county and upon appeal was again overruled by the circuit court of Pettis county.

After an unsuccessful motion for a new trial, Clara Rogers, the widow, appeals from the judgment of the circuit court of Pettis county, refusing to set aside the allowance of the claim.

The question presented in the briefs, is whether or not it is incumbent upon the administrator to plead the Statute of Limitations. This question seems to have been before the Supreme Court in the early case of Wiggins v. Lovering's Admr., 9 Mo. 157, l. c. 159. In discuss-

ing the two-year Statute of Limitations in which claims must be presented, the court said:

"This limitation is created not for their personal convenience, but for the benefit of the estates of deceased persons, and for those interested in them; and therefore although an administrator is not bound to plead the general statute, yet he is bound to plead the statute which relates to him in that capacity."

The St. Louis Court of Appeals had the same question in the case of Carder v. Primm, 47 Mo. App. 301, l. c. 306. In speaking of the question of the general Statute of Limitations the court in terms said:

"It is a defense which even an administrator can waive."

This seems to be the law in Missouri, unless, per chance, as contended by appellant that the cases of Cape Girardeau Co. v. Harbison, Admr., 58 Mo. 90, and the case of Bambrick v. Bambrick, 157 Mo. 423, overrules Wiggins v. Lovering's Admr., supra, and Carder v. Primm, supra. Bambrick v. Bambrick, supra, turns upon the question as to whether or not an administrator can revive a claim barred by the statute, and the holding is that the administrator cannot do so.

The following quotation shows that the duty to plead the general Statute of Limitations was not before the court in Bambrick v. Bambrick, supra:

". . . defendant having pleaded both the general and special Statutes of Limitation, it is clear that there was no proof of any debts due by Patrick Bambrick to plaintiff at the time of his death."

It is contended that the case of Cape. Girardeau Co. v. Harbison, Admr., supra, overrules the case of Wiggins v. Lovering's Admr., supra. However, upon the examination of Wiggins v. Lovering's Admr., supra, we find this statement: "Although an acknowledgment by an executor or administrator after the time limited by the general statute, may revive a debt against a testator or intestate, yet his acknowledgment will not have the effect to take the debt out of the special statute."

The authority to revive a claim barred by the statute was the question presented in Cape Girardeau Co. v. Harbison, Admr., supra, and the sentence just quoted must have been the sentence which was criticised in Cape Girardeau Co. v. Harbison, Admr., supra. A reading of the paragraph shows that the case of Wiggins v. Lovering's Admr., supra, was not overruled, but a part of the opinion was pointed out to be *dictum*. Even if it were *dictum* it finds approval in Carder v. Primm, supra.

We think under the authority presented the executor can waive the general Statute of Limitations. This being true, it is unnecessary to discuss the right of the widow to appeal the case.

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:— The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.