550

BERNIE ALEXANDER, APPELLANT, v. ESTATE OF OLIVER WYATT, DECEASED, J. W. CHILTON, JR., ADMINISTRATOR, RESPONDENT.—244 SW (2) 121.

Springfield Court of Appeals.   November 14, 1950.

*E. C. Hamlin* for Appellant.

*Kirby W. Patterson* for Respondent.

VANDEVENTER, P. J.—This is an appeal from an order of the circuit court dismissing plaintiff's petition in a suit against an administrator, on the ground that upon its face it showed that the claim was barred by a special statute of limitations. (Secs. 461.440 and 464.020, Mo. R. S. 1949)

The petition was filed on August 29, 1950. The first paragraph is as follows:

"Plaintiff states that he resides in the county of Greene, state of Missouri, and that J. W. Chilton, Jr., was duly appointed on the 9th day of May, 1949, administrator of the estate of Oliver Wyatt, deceased, and he is now the acting administrator of estate."

Then follows a statement of the origin and nature of his cause of action.

The following motion to dismiss was filed:

"Comes now the defendant in the above entitled cause and moves the court to dismiss the petition filed herein, for the reason that it appears upon the face of said petition that plaintiff's

alleged cause of action is barred under the terms of section 182 of the Revised Statutes of Missouri, 1939.''

It was sustained,

" * * for the reason the court finds that an action in equity will not lie on the claim set forth in Plaintiff's petition and any legal action is barred by the Statutes of Limitation under Section 182 of the Revised Statutes of Missouri, 1939.''

The sole question before us is, does the petition on its face show that it is barred by the statutes referred to?

At the time an administrator has been appointed under the provisions of Secs. 461.010 et seq., Mo. R. S. 1949, Sec. 461.440 provides that he shall sign a notice,

" * * which notice the judge or clerk of said court shall within ten days after the date letters are granted on such estate, cause to be published in some newspaper published in the county where letters of administration have been granted, * * ''

and this notice shall state that letters of administration have been granted, and give the date thereof, for the purpose of notifying all parties having claims against the estate to exhibit them and notifying them that if such claims are not filed within one year, they shall be forever barred.

This statute then provides,

"* * that if, for any cause, such notice shall not have been so published for the first time within ten days after the date of the granting of such letters * * ''

the statute of limitation shall begin to run from the date of the first publication of such notice.

Section 464.010 Mo. R. S. 1949 divides claims against the estate of a decedent into six classes and Section 464.020 provides:

"All demands not thus exhibited within one year shall be forever barred, * * * and said one year shall begin to run from the date of the granting of the first letters on the estate where notice shall be published, the first insertion within ten days after letters are granted; and in all other cases said one year shall begin to run from the date of the first insertion of the publication of the said notice.''

The petition in this case says nothing whatever about the time of the publication of notice. Whether the first one was made within ten days of the issuance of the letters of administration does not appear. Neither does it appear that the notice was ever published. Therefore the petition upon its face does not show when the statute of limitation began to run. The notice must be published within ten days if the statute begins to run from the date of the appointment. In Kirk v. Metropolitan Life Ins. Co. 225 Mo. App. 756, 38 S. W. (2) 519, Judge Bland, speaking for the court, and discussing this identical section said:

"In the second place the statute does not begin to run unless there is a notice of the granting of the letters, not only published, but properly published, and even then the limitation does not run against contingent claims that do not become fixed within one year after the granting of letters."

See also: Vosler v. Brock 84 Mo. 574, l.c. 577. Munday v. Leeper, 130 Mo. 417, 25 S. W. 381. Bolz Cooperage Corp. v. Beardslee, 211 Mo. App. 109, 245 S. W. 611.

It has also been held that an administrator cannot avail himself of this statute unless he has given notice of his letters of administration in the manner and within the time directed by law. Wilson v. Gregory, 61 Mo. 421. Bryan v. Mundy's Administrator, 17 Mo. 556. Clark v. Collins 31 Mo. 260. Doerge v. Heimenz, 8 Mo. App. 265.

Mr. Rush H. Limbaugh, in his very admirable work on probate practice (Missouri Practice with Forms) Vol. 2, Section 760, page 111, says:

"While the general statute of limitations begins to run in favor of the estate from the date of the granting of letters, the special statutes of limitations do not begin to run until notice of the granting of letters is properly published. Actual notice is not sufficient, but the publication of notice as required by law is necessary to start the running of the statutes." (Citing cases.)

Therefore, the petition does not show upon its face that the cause of action was barred by the statute of limitation, for the simple reason that it does not show when, if ever, the notice of the issuance of the letters of administration was published and the statute began to run.

From what has been said, we do not wish to be understood as disagreeing with the learned trial court in holding that this petition is an action at law and not one in equity. While it is entitled "Action in Equity" and asks for specific performance by requiring the administrator to pay the amount due, it shows on its face that it is only a demand against the estate for a sum certain, enforceable, if at all, by filing a demand in the probate court or in an action at law and that the sum became due at the death of the obligor. Sections 464.030 and 464.070, Mo. R. S. 1949.

The cause should be reversed and remanded for further action by the trial court in accordance with this opinion. It is so ordered. *Blair, J.,* and *McDowell, J.,* concur.