Arlie E. SMITH, Plaintiff-Appellant,

v.

Norma Jean MAYNARD, Administratrix of Estate of Hershal B. Maynard, Deceased, Defendant-Respondent.

No. 47065.

Supreme Court of Missouri,

En Banc.

Nov. 14, 1960.

George C. Dyer, Charles E. Gray, St. Louis, for plaintiff-appellant.

Jackson A. Wright, Edwards, Wright & Seigfried, Mexico, Mo., for defendant-respondent.

BARRETT, Commissioner.

The appellant, Arlie E. Smith, was a guest in an automobile driven by Hershal B. Maynard when Maynard's automobile was involved in a collision with a truck owned by Hathaway and driven by his employee, Callahan. Maynard died as a result of the collision and Smith instituted this action against Maynard's administratrix and Hathaway to recover $15,000 damages for his negligently inflicted personal injuries. The trial court sustained the administratrix' motion to dismiss the action for the reason that Smith had not complied with the nonclaim statute (V.A.M.S.

§ 473.360), the plaintiff dismissed as to Hathaway and now appeals from the judgment of dismissal as to the administratrix.

The respondent has adopted the appellant's statement of the case, hence there is no dispute as to the facts. The motor vehicle collision, Maynard's death and the plaintiff's injuries all occurred on April 30, 1956. On June 14, 1956, upon the application of appellant Smith (V.A.M.S. § 537.020), the Probate Court of Warren County appointed Norma Jean Maynard administratrix of Hershal's estate and the first publication of the granting of letters of administration was on July 5, 1956, in the Warrenton Banner. Thereafter, on November 19, 1956, Smith instituted this action in the Circuit Court of Warren County and there was service of process upon the administratrix and Hathaway. On January 8, 1957, the administratrix filed an alternative motion to make the petition more definite and certain or to dismiss for the reasons that the petition failed to state a claim upon which relief could be granted and because the court did not have jurisdiction of the person or the subject matter of the action. On September 18, 1957, the administratrix, apparently in compliance with a request from plaintiff's counsel, filed an answer which in effect was a general denial. On December 13, 1957, the administratrix filed her motion to dismiss on the ground that the plaintiff had not complied with the nonclaim statute (V.A.M.S. § 473.360) in that he had not filed a copy of the petition and service of process in the Probate Court of Warren County. Thereafter, on December 16, 1957, the defendants filed an application for a change of venue. On May 4, 1957, the deposition of a witness was taken in Warrenton and on December 9, 1957, a deposition was taken in Burlington, Iowa. And, when the annual settlement was approved, it was "ordered by the Court that no further settlement be made in this estate until pending litigation be finally determined or unless otherwise ordered by the Court."

In these circumstances it is urged that the administratrix has waived full compliance with the nonclaim statute. It is said that the defense of the statute was not raised when her first responsive pleading was due (V.A.M.S. § 509.400), that her filing of an answer which was but a general denial and of course an entry of appearance and a subjection to the court's jurisdiction and the action having been properly instituted against the administratrix within nine months that, as with other statutes of limitations, she waived the bar of this statute. Murray v. De Luxe Motor Stages, Mo.App., 133 S.W.2d 1074; Conkling v. Henry Quellmalz Lumber & Mfg. Co., 225 Mo.App. 494, 34 S.W.2d 990; Landers Lumber Co. v. Short, Mo.App., 81 S.W.2d 375; Curlee v. Donaldson, Mo. App., 233 S.W.2d 746. The appellant points to these circumstances and to the administratrix having applied for a change of venue, to her participation in the taking of depositions and urges that, as with statutes of limitations in general, she is estopped to assert the defense of the nonclaim statute. V.A.M.S. §§ 509.340, 472.130; Sugent v. Arnold's Estate, 340 Mo. 603, 101 S.W.2d 715; Overmeyer v. Rogers, 222 Mo.App. 89, 1 S.W.2d 844; 53 C.J.S. Limitations of Actions §§ 24–25, pp. 958–968. Although the plaintiff had secured the appointment of Mrs. Maynard as the administratrix of her husband's estate (V.A.M.S. § 537.020(2) and even though the files in the probate court contained the names and addresses of the plaintiff and his counsel it is said that she did not comply with other provisions of the Probate Code, in that she failed to notify them of her appointment (V.A.M.S. §§ 472.010, 472.100) and for this additional reason is estopped to assert the defense of the nonclaim statute. Alexander v. Wyatt's Estate, 241 Mo.App. 550, 244 S.W.2d 121; Wilson v. Gregory, Adm'r, 61 Mo. 421. This is but a brief résumé of the argument and reasons in support of the appellant's claim that the administratrix has waived the statute or should be estopped to assert it.

"Though the results may be harsh," the difficulty with the appellant's argument is that these matters have all been determined adversely to him in Clarke v. Organ, Mo., 329 S.W.2d 670. Both waiver and estoppel were considered in the majority opinion and the dissenting opinion of Judge STORCKMAN advances many of the reasons for the applicability of these doctrines but the force of the majority opinion is to reject the arguments advanced here. The appellant advances some additional if not new reasons and some additional factors calling for the application of waiver and estoppel but in substance they too fall within Clarke v. Organ.

The nonclaim statute, section 473.-360, and other provisions of the Probate Code have been amended (Laws of Mo. 1959, Senate Bill No. 305; Supp.V.A.M.S., pp. 3-4) and therefore it is urged, under "a proper construction of these statutes," that a suit duly and properly instituted against an administratrix within the nine months period, as this one was, may be prosecuted to a conclusion even though the "claim" has not been filed in the probate court. It is contended that the amendments evince a legislative intent, when the action has been timely filed, to merely bar claims "against the estate" but not to prohibit the prosecution to a conclusion of the suit against the administratrix. Heretofore paragraph two of the nonclaim statute read: "All actions against the estate of a deceased person, pending or filed under sections 473.363 or 473.367, shall abate or shall be barred unless notice of the revival or institution thereof is filed in the probate court within nine months after the first published notice of letters." That paragraph now reads: "Unless written notice of actions instituted or revived under sections 473.363 or 473.367 is filed in the probate court within nine months after the first published notice of letters, *no recovery may be had* in any such action on any judgment therein against the executor or administrator *out of any assets* being administered upon in the probate court or

from any distributee or other person receiving such assets." Laws Mo.1959, Senate Bill No. 305. Section 473.367 provides that "Any action commenced against an executor or administrator, after death of the decedent, is considered a claim duly filed *against the estate* from the time of serving the original process on the executor or administrator and the filing of a copy of the process and return of service thereof in the probate court." (Italics all supplied, of course.) Since an action commenced against an administratrix is a claim duly filed "against the estate," it is urged that the nonclaim statute has been clarified by amendment and means only that "plaintiff's claim was barred against the assets of the estate but the proceedings could continue against the administrator and collection made on any judgment against any other source such as an insurance policy," as is the case here. Implicit in this argument of legislative intent is the assumption that the plaintiff's action for negligent injury, a tort action, against the deceased or his personal representative is an action in personam and not an action in rem against the assets of the estate.

While it may not have been necessary to a decision of the case, the court in Clarke v. Organ says, "It is a notice in an in rem proceeding." [329 S.W.2d 676.] It is not clear that the court necessarily meant the plaintiff's tort action against Organ or his personal representative (here Smith's tort action against Maynard or his representative) for negligent personal injury (See 1 C.J.S. Abatement and Revival, §§ 138–144, pp. 188–198; 1 Am.Jur., Secs. 44–45, pp. 435–436; 1 C.J.S. Actions, § 52, p. 1148) but rather the court may have been referring to a "claim" against the estate. In any event, even under the former probate code and its nonclaim statute, the court in an action quite similar to this one held that whether called "claims" or "demands" the words "include every species of liability which the personal representative can be called upon to pay out of the assets of the estate" including a contingent tort liability

for negligent personal injury. Helliker v. Bram, Mo., 277 S.W.2d 556, 558, 561.

And finally, the argument that the action is one "to enforce the plaintiff's lien upon a policy of insurance which was possessed by the deceased and which also covers the administrator, therefore, it is excluded from the operation of the statutes involved" was fully presented by counsel, considered by the court and rejected in Clarke v. Organ.

In short, the circumstances of this appeal fall within and are governed by Clarke v. Organ, supra; Helliker v. Bram, supra, and inferentially, perhaps, by North v. Hawkinson, Mo., 324 S.W.2d 733, and accordingly the judgment is affirmed.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court en banc.

WESTHUES, LEEDY, and HOLLINGSWORTH, JJ., concur.

EAGER, J., concurs in separate opinion filed.

STORCKMAN, J., dissents in separate opinion filed.

HYDE, C. J., dissents and concurs in separate opinion of STORCKMAN, J.

DALTON, J., dissents.

EAGER, Judge.

I concur in the principal opinion. While the procedural facts here are somewhat different from those in Clarke v. Organ, Mo., Banc, 329 S.W.2d 670, the difference is not sufficient to require or permit a different result. The doubt expressed in the foregoing opinion as to whether the reference in Clarke, supra (329 S.W.2d loc.

cit. 676), to "a notice in an in rem proceeding" meant the "tort action" or the probate proceedings, seems to me to have been unfounded. But, lest it may inject further confusion into a situation already impregnated with complications and turmoil, we say here that it referred merely to the probate proceedings which are expressly made *proceedings in rem* by § 473.013, V. A.M.S. No one has ever supposed, so far as I know, that a tort action for damages was a suit in rem.

The effect of the existence of liability insurance and the supposed exoneration of the assets of the estate thereby has been fully considered and decided by the court en banc in the Clarke case, supra. The present situation presents nothing new on that subject.

In my view, the effect of the present dissent would be to rewrite the applicable nonclaim statutes in order to accomplish an end which might, from one practical standpoint, be desirable. The nonclaim statutes would in no way have foreclosed this plaintiff, had she complied with the plain terms thereof; she had a complete remedy for her wrong, had she pursued it.

The 1959 amendment of § 473.360, RSMo 1949 (Laws 1959, Senate Bill No. 305; § 473.360(2) V.A.M.S., Pocket Parts) is not directly involved here, and the assumed intent of the legislature in enacting it does not necessarily show that it had that same intent in enacting the original act. The amendment should not be construed under these circumstances, and thus prejudice the results of future cases where it may be a live issue.

This opinion has been written in the hope that it may clarify the situation to some extent.

STORCKMAN, Judge (dissenting).

The plaintiff's contentions with respect to waiver and estoppel are precluded by the majority decision in Clarke v. Organ, Mo., 329 S.W.2d 670. Except for quantum of

evidence there is no basis to reassert a minority view. However, other questions presented have a different basis and render reliance upon waiver and estoppel unnecessary.

By Point 4 of his brief the plaintiff presents the theory that, the liability of the decedent being insured, the plaintiff is lawfully entitled to pursue his remedy in the circuit court without relying on the probate code and, if successful, to enforce collection against the insurance proceeds without resort to the assets of the decedent being administered by the probate court. Such a remedy is sanctioned by statutory law and can be pursued without interfering with the prompt, efficient and effective administration and settlement of a decedent's estate as intended by the new probate code.

The action was timely filed in circuit court but a copy of the process and return of service thereof were not filed in probate court. At the hearing on the motion to dismiss the plaintiff offered to show that after allowing the widow her maintenance and homestead and the payment of such allowances there were only enough assets left in the estate to pay the cost of administration. This offer was rejected on defendant's objection. The plaintiff by leave reduced the prayer of his petition to $15,000 and offered to prove that the decedent's liability was insured in the sum of $15,000. This offer was also rejected. During the hearing of the motion, plaintiff's counsel acknowledged that there would be no assets in the estate for payment of any judgment obtained and further stated: "The record can show that the only collection we expect to make is from the insurance company and not from the assets of the estate."

It is very properly said that, so far as a decision on the merits is concerned, the courts cannot give consideration to the fact that the liability in a personal injury case is insured. However, the courts are obligated to take into consideration and give effect to the statutes of this state which grant rights and provide remedies where liabilities are insured. Such statutes provide for the survival of personal injury actions and their prosecution against the personal representatives of deceased persons which personal representative the probate court is not only authorized but required to appoint for that sole purpose. Section 537.020. Other statutes authorize the successful plaintiff to have direct recourse to the proceeds of liability insurance to satisfy his judgment. The public policy of the state as evidenced by statute and case law not only invite but require our consideration of these matters.

This policy is evidenced in part by The Motor Vehicle Safety Responsibility Law, Chapter 303, RSMo 1949, V.A.M.S. When a motor vehicle operator is required to furnish the state with proof of his financial responsibility he may do so by means of (1) a policy of liability insurance, (2) a bond with sufficient surety, or (3) a deposit of money or securities. Section 303.130. The statutory rights of an injured person to insurance funds will be discussed later, but his preferred status where money or securities is deposited is evident from this provision of the law: "2. All money or securities so deposited shall be subject to execution to satisfy any judgment mentioned in this chapter but shall not otherwise be subject to attachment or execution." Section 303.160, subd. 2. Obviously such a judgment creditor would have first call upon the money deposited for the satisfaction of his judgment and the rights of the motor vehicle operator, his personal representative and others in the fund would be secondary.

Where a casualty is covered by liability insurance, our statutes create a right on the part of the person injured which attaches as of the date of the casualty and cannot thereafter be defeated by any voluntary agreement or collusion between the insurance company and the assured and the payment of the loss established does not depend upon satisfaction by the insured of a final judgment against him.

These statutes insofar as here pertinent provide as follows:

Section 379.195. "1. In respect to every contract of insurance made between an insurance company, * * *, and any person, * * *, by which such person, *. * * is insured against loss or damage on account of the bodily injury * * * by accident of any person, for which loss or. damage such person, firm or corporation is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, *the liability of the insurance company, if liability there be, shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage, or death,* or if the insured becomes insolvent or discharged in bankruptcy during the period that the policy is in operation or any part is due or unpaid, occasioned by said casualty.

"2. No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after the said assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void." [1]

Section 379.200. "Upon the recovery of a final judgment against any person, * *, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, *the judgment creditor shall be entitled to have the insurance money,* * * * described in section 379.195, * * * *applied to the satisfaction of the judgment,* and if the judgment is not satisfied within thirty days after the date when it is rendered, *the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.*"

These statutory provisions become a part of a policy of liability insurance as completely as if set out therein. They nullify any contrary provisions in the policy and the obligation on the part of the insurer to pay accrues the moment judgment against the insured has been rendered. Homan v. Employers Reinsurance Corp., 345 Mo. 650, 136 S.W.2d 289, 295, 127 A.L.R. 163; Dyche v. Bostian, 361 Mo. 122, 233 S.W.2d 721, 724. These statutes create substantive rights and prevail over procedural statutes. State ex rel. Anderson v. Dinwiddie, 359 Mo. 980, 224 S.W.2d 985, 987. The obligation of the insurance company to pay the judgment creditor is a direct and primary obligation. Stedem v. Jewish Memorial Hospital Ass'n of Kansas City, 239 Mo. App. 38, 187 S.W.2d 469, 470–471.

After the casualty has occurred the insurer and the insured cannot by voluntary agreement or collusive action impair the right of the injured person to have the proceeds of the policy applied to the satisfaction of any judgment obtained against the insured. Pennsylvania Casualty Co. v. Phoenix, 10 Cir., 139 F.2d 823. The remedies provided by these two sections are cumulative and consistent; if for any reason the judgment cannot be collected by garnishment, a suit in equity may be brought. Lajoie v. Central West Casualty Co. of Detroit, Mich., 228 Mo.App. 701, 71 S.W.2d 803, 809.

Thus it is apparent that a plaintiff in a personal injury action of this kind is not relegated or limited for the satisfaction of his judgment to the real and personal property of the decedent in probate court. There may be little or no assets in the probate estate and, if there are, collection out of the insurance proceeds may be more convenient. Moreover, if a probate estate were solvent and the plaintiff having given proper notice obtained a judgment which was insured, but chose instead to collect the judgment out of the assets of the decedent's estate, we expect the invitation to

1. All italics within quotations are added unless otherwise noted.

come into probate court would be very quickly withdrawn and properly so. This is a protection which the insured bought and paid for in his lifetime and it should inure to his estate.

The question remains whether a plaintiff in a personal injury action suing a personal representative of a deceased person must notify the probate court and have his judgment classified for payment even though he has no intention of having his judgment satisfied out of the assets, if any there be, in the probate estate.

The General Assembly has provided that personal injury actions against a deceased wrongdoer do not abate and, quite apart from the probate code, has further provided that the existence of such a cause of action without more "shall be sufficient to authorize and *require* the appointment of a personal representative" for the deceased upon the application of any "person interested in such right of action". An interested person would, of course, include the one in whose favor such right of action survives.

This represents a departure from the usual practice in the granting of letters in a decedent estate. Ordinarily a probate court has no jurisdiction to appoint an administrator for a deceased person unless there are assets in the estate. Becker v. Buder, D.C., 88 F.Supp. 616, affirmed 8 Cir., 185 F.2d 311; De La Vergne v. Richardson, 198 Mo. 189, 95 S.W. 898; 33 C.J.S. Executors and Administrators, § 5, p. 883, note 57. An applicant for letters is ordinarily required to state the probable value of the real and personal property to be administered. Section 473.017(3). The traditional purpose of granting letters in a decedent estate is to administer assets. But the policy set by the probate code is to dispense with administration when the value of the estate does not exceed the amount allowed as exempt property and to the widow or unmarried minor children, § 473.090, or under certain circumstances when the net estate does not exceed $1500, § 473.097.

Nevertheless, § 537.020, as amended Laws 1955, p. 780, § 1, in addition to providing that causes of action for personal injuries shall survive against the personal representatives of the person liable for the injuries, further provides in paragraph 2: "The *existence of the right of action* for death or personal injury that does not result in death *shall be sufficient to authorize and to require the appointment of a personal representative for the person liable for such death or injury by the probate court* upon his death upon the written application of any person interested in such right of action for death or injury."

The mandatory language of the part of the statute quoted indicates a purpose to require an appointment even though there are no assets in the estate or any prospects of there being any. It is quite reasonable to assume that the General Assembly knew that many such liabilities were insured and absent such mandate the insurance carrier might prevent the appointment of a personal representative (and thereby win its lawsuit) on the ground that the deceased left no assets to administer. This construction is not only plausible but fits in with other legislation dealing with this and related subject matters.

The statute clearly gives a right to have a personal representative appointed where there can be no purpose other than to furnish a party defendant in adversary litigation. The use of a personal representative for a similar unorthodox purpose also appears in the wrongful death statutes. If no one survives who has a prior right, the action may be instituted by the administrator or executor of the deceased and the recovery distributed by him according to the laws of descent. The recovery is not for the use of the estate generally, but the personal representative is in effect the trustee of an express trust for the beneficiaries of the estate. Demattei v. Missouri-Kansas-Texas R. Co., 345 Mo. 1136, 139 S.W.2d 504; Donelson's Estate v. Gorman, 239 Mo.App.

300, 192 S.W.2d 29; Troll v. Laclede Gaslight Co., 182 Mo.App. 600, 169 S.W. 337.

The constitutional guaranty of a remedy for every right includes actions for wrongful injuries. Constitution of Missouri 1945, Art. I, § 14, V.A.M.S.; State ex rel. National Refining Co. v. Seehorn, 344 Mo. 547, 127 S.W.2d 418, 424; De May v. Liberty Foundry Co., 327 Mo. 495, 37 S.W.2d 640. Unless the prosecution of the present action does violence to some positive statutory prohibition, it should be permitted to go forward.

Only two sections of the probate code can have any possible application in this situation. Section 473.367 provides that an action commenced against an administrator after the death of the decedent is considered "a claim duly filed against the estate" from the time of serving the original process and filing a copy thereof with the return of service in the probate court.

The first paragraph of § 473.360 generally provides that all claims "against the estate of a deceased person," not filed in the probate court within nine months after the first published notice of letters of administration, are forever barred "against the estate, the executor or administrator, the heirs, devisees and legatees of the decedent." This deals with claims filed directly in the probate court. The second paragraph of this section insofar as here pertinent reads as follows: "All actions against the estate of a deceased person, * * *, shall be barred unless notice of the * * * institution thereof is filed in the probate court within nine months after the first published notice of letters." This would include actions filed in the circuit court such as this one if designed to become a charge on assets in the probate estate.

It will be noted that both of these sections refer to a claim or action against the estate of a deceased person. This term is defined in § 472.010, subd. 11 as follows: "'Estate' denotes the real and personal property of the decedent * * *." Further the first paragraph of § 473.360, dealing with claims filed and prosecuted in the probate court, provides a bar against the estate as well as others for a failure to file in time, while the second paragraph provides for a bar against the estate alone. The personal representative is not mentioned in the latter instance.

Giving effect to all the matters, I think it is reasonable to construe § 473.360, subd. 2 as not to bar actions timely filed in the circuit court unless the judgment sought is intended as a claim "against the real and personal property of the decedent" being administered in probate court. The primary purpose in statutory construction is to ascertain and give effect to the legislative intent. State on Information of Dalton v. Miles Laboratories, Inc., 365 Mo. 350, 282 S.W.2d 564. The law favors construction of statutes which harmonize with reason and which tend to avoid absurd, unreasonable, or confiscatory results or oppression. Laclede Gas Co. v. City of St. Louis, 363 Mo. 842, 253 S.W.2d 832; Ellis v. State Dept. of Public Health and Welfare, Mo. App., 277 S.W.2d 331, affirmed 365 Mo. 614, 285 S.W.2d 634.

A particular construction of a statute which will occasion an inconvenience or produce inequality and injustice is to be avoided if another and more reasonable interpretation is present in the statute. State ex rel. St. Louis Public Service Co. v. Public Service Commission, 326 Mo. 1169, 34 S.W.2d 486; Lamar Water & Electric Light Co. v. City of Lamar, 140 Mo. 145, 39 S.W. 768.

An established public policy is not to be overridden by general terms of the statute which does not show with certainty a legislative intent to depart from that policy. National Mfg. Co. v. United States, 8 Cir., 210 F.2d 263, 274[6], certiorari denied 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108.

Another pertinent rule of statutory construction is that the interpretation of a

law by a subsequent General Assembly though not controlling is entitled to respectful consideration. State ex inf. Gentry v. Long-Bell Lumber Co., 321 Mo. 461, 12 S.W.2d 64; State ex rel. Wayland v. Herring, 208 Mo. 708, 106 S.W. 984; United States v. Stafoff, 260 U.S. 477, 43 S.Ct. 197, 67 L.Ed. 358; First National Bank in St. Louis v. State at inf. Barrett, 263 U.S. 640, 44 S.Ct. 213, 68 L.Ed. 486, affirming State ex rel. Barrett v. First National Bank in St. Louis, 297 Mo. 397, 249 S.W. 619, 30 A.L.R. 918; Kansas City v. Travelers Insurance Co., Mo.App., 284 S.W. 2d 874. In the most recent session of the General Assembly, paragraph 2 of § 473.360 was amended to read as follows: "2. Unless written notice of actions instituted or revived under sections 473.363 or 473.367 is filed in the probate court within nine months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the executor or administrator *out of any assets being administered* upon in the probate court or from any distributee or other person receiving such assets." Laws 1959, p. 267. It reasonably appears that the purpose of this amendment was made to make clear that the General Assembly did not by the original enactment intend to destroy other rights and remedies and preclude a plaintiff who was not seeking a judgment payable out of the assets being administered in the probate court. In other words, the legislature did not intend to take away the right and remedy it had given in § 537.020 and other statutes. A contrary interpretation of § 473.360, subd. 2 is not only unnecessary to the proper function of the new probate code, but violates established rules of construction resulting in the destruction of statutory rights and a remedy otherwise vouchsafed to the injured party.

Section 473.013, designating the administration of the estate of a decedent as a proceeding *in rem*, does not pretend to convert personal injury actions filed against personal representatives into actions in rem. Actions for personal injuries under § 537.020,

though directed against an administrator, remain actions in personam. Section 473.-013, however, raises an interesting question as to whether the notice of suit is a notice in the administration proceeding which is not jurisdictional.

It can be demonstrated by reference to applicable sections of the probate code that an estate can be administered and closed in the probate court without interference from a suit in circuit court, notice of which has not been given. Likewise, such a case as the pending one can be conducted in circuit court independently of the regular administration in probate court. If necessary, the probate court could be required to appoint a successor personal representative under the mandatory language of § 537.020.

As previously indicated, § 537.020 is the key statute in the series upon which plaintiff's right to proceed rests. And of particular importance is that part of the statute which gives the injured person an unqualified right to have the probate court appoint a personal representative for the person alleged to be liable. The right to require the appointment does not depend upon the existence of assets to be administered; it is sufficient that a right of action exists. This is a right independent of the probate code.

The restrictions of the probate code would properly come into play only if the plaintiff sought to subject the "real and personal property" of the decedent to the payment of his claim. This he could not do unless he filed notice in probate court within nine months after the issuance of letters and had his judgment classified as a claim in the probate court.

A personal representative has the right and duty to protect the "real and personal property" of the decedent from *claims* which have not been established in the manner provided by the probate code. But the insurance carrier, acting through the personal representative authorized under § 537.020, should not be permitted to use the

notice and classification features of the code to forestall a trial on the merits and thus prevent the plaintiff from reaching other sources provided by law for the payment of his judgment.

On the other hand, a personal representative whose real concern is the preservation of the assets of the estate for distribution as provided by law has further opportunities to do so. A judgment creditor is required to file a copy of his judgment or decree in the probate court before it becomes "a claim against an estate." Section 473.-370. The probate court must classify the judgment as a claim before the administrator is authorized to pay it. Section 473.-373. An administrator is not required to raise in the circuit court the objection that notice of the institution of suit was not timely filed in the probate court. Under Clarke v. Organ he could not waive the objection. Sections 473.370 and 473.373 make it clear that the administrator or other interested person could interpose the objection for the first time when the judgment creditor presents his judgment for filing, classification and payment in the probate court. However, I would see no objection to requiring the plaintiff as a matter of practice to declare in the circuit court whether he proposes to subject the assets of the estate to the payment of his judgment if one is obtained. Where as here a party plaintiff has disclaimed any intention to recover against the assets in probate court, there can be no possible interference with the administration and distribution of such assets and the plaintiff should be permitted to proceed in circuit court.

In my opinion the evidence offered by plaintiff on the motion to dismiss should have been admitted and the motion should have been overruled on proof that the liability of the defendant was insured. If it is desirable to determine at this stage that a judgment obtained could not become a claim against the assets in probate court, the fact of insurance and plaintiff's intent to look only to the insurance proceeds could be pleaded in plaintiff's petition (to which a jury would not have access) or it could be raised on defendant's motion. By a separate finding and appropriate order on this issue, the circuit court could preclude any judgment obtained from becoming an incumbrance upon the assets of the estate or impeding the probate proceedings.

I would reverse the judgment and remand the cause with directions to permit the action to proceed if the trial court finds the object of the action is other than to establish a claim in probate payable out of the assets of the estate of the decedent.